IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TINA MARIE TAYLOR,

        Plaintiff,

    v.                                       Civil Action No.
                                                1:13-CV-790 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF | |
| ERWIN, McCANE & DALY<br>23 Elk Street<br>Albany, NY 12207 | THOMAS C. ERWIN, ESQ. |
| FOR DEFENDANT | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | GRAHAM MORRISON, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on May 13, 2014, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: May 22, 2014
          Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
TINA MARIE TAYLOR,

                    Plaintiff,

vs.                                 13-CV-790

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------x
```

*Decision* rendered on May 13, 2014

James Hanley Federal Building, Syracuse, New York,

HONORABLE DAVID E. PEEBLES, United States

Magistrate-Judge, Presiding.

A P P E A R A N C E S (by telephone)

| | |
|---|---|
| For Plaintiff: | ERWIN, MCCANE LAW FIRM<br>Attorneys at Law<br>23 Elk Street<br>Albany, New York 12207<br>  BY:  THOMAS C. ERWIN, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of General Counsel<br>26 Federal Plaza<br>New York, New York 10278<br>  BY:  GRAHAM MORRISON, ESQ. |

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1          THE COURT:  Well, I appreciate both of your
2    briefings and oral argument.  I have before me a motion for
3    judgment on the pleadings, cross-motions actually, in a case
4    seeking judicial review under 42, United States Code, Section
5    405(g) of a Commissioner's determination finding that the
6    plaintiff was not disabled at the relevant times.
7          By way of background, the plaintiff is a female
8    with a date of birth in December 1970.  She was 37 years old
9    at the alleged onset date, 41 at the date of hearing.  She
10   has one year of college education.  It's unclear whether
11   she's married or not.  She has a partner.  At one point it
12   indicates I think during the hearing transcript she's not
13   married but there is a reference in the record in one of her
14   medical records to being married to her partner.  She has no
15   children.
16         She last worked in November of 2008.  She has a
17   work history that includes working as a home health care
18   provider and some other short-term jobs such as cashier.
19         She clearly has a lumbar condition, although it is
20   relatively modest.  She underwent Magnetic Resonance Imaging
21   testing in April of 2011.  And that is repeated at both 234
22   and 336 of the Administrative Transcript.  Reflects modest
23   bulging.  She testified in her hearing that she doesn't carry
24   anything more than 20 pounds.  Certainly consistent with
25   light duty under the Commissioner's regulations.

1                She suffers from degenerative disc disease
2     according to the MRI.  She's undergone physical therapy,
3     chiropractor treatment, injections, spinal stimulator and
4     pain medications.
5                She also suffers from post-traumatic stress
6     disorder, depression and anxiety.  She's been securing
7     treatment at the Caleo Counseling Center.  She sees
8     Dr. Donald Kowalski monthly mostly for the prescription of
9     drugs and has sessions with other providers at Caleo more
10    frequently.  She underwent one brief hospitalization for
11    three days in March of 2011.  The record doesn't contain any
12    information or records concerning that hospitalization.
13               She applied in March of 2011 for disability
14    insurance benefits and supplemental security income alleging
15    an onset date of November of 2008.  After those applications
16    were denied at the agency initial level, a hearing was
17    conducted by an Administrative Law Judge, Robert Wright, on
18    May 15, 2012.  ALJ Wright issued a decision on June 6, 2012.
19    And the Social Security Administration Appeals Council denied
20    review on June 18, 2013, making the ALJ's decision a final
21    determination of the agency.
22               In his decision ALJ Wright applied the well-known
23    five step test for determining disability.  Concluded at step
24    one that plaintiff had not engaged in substantial gainful
25    activity since the alleged onset.

1           Found that she did suffer from PTSD, depression,
2   anxiety, degenerative disc disease and obesity as
3   constituting severe limitations at step two, but rejected
4   high blood pressure and asthma in light of the fact that they
5   both appear to have been well controlled and, therefore, do
6   not substantially interfere with her ability to perform work
7   functions.
8           At step three he found that she did not meet or
9   equal medically any of the listed presumptively disabling
10  conditions.
11          And step four he concluded that the plaintiff
12  maintains the residual functional capacity to perform light
13  work, subject to limitations including to work, as the
14  Commissioner has argued, in a SVP-1 or 2 position with only
15  occasional decision-making, changes in work setting and
16  interaction with others, and the requirement that she be able
17  to change positions every thirty minutes.
18          Applying that RFC, the Commissioner concluded that
19  the plaintiff is incapable of performing her past relevant
20  work.  He applied the grids as a framework, and specifically
21  Rule 202.20, which would have directed a no disabled or not
22  disabled finding.  But because of the existence of
23  non-exertional limitations, the testimony of a vocational
24  expert was received and based on a hypothetical which tracks
25  the RFC and plaintiff's other characteristics, the vocational

1  expert concluded that plaintiff could perform as an
2  electrical assembler or a table worker.
3          The standard of review, of course, that the Court
4  must apply is very deferential.  Requires me to determine
5  whether correct legal standards were applied and whether the
6  decision was supported by substantial evidence, which is
7  defined as such relevant evidence as a reasonable mind might
8  accept as adequate to support a conclusion.
9          In this case I've considered the arguments of
10 counsel.  I find that the RFC determination is supported by
11 substantial evidence.  Doesn't appear to be any quarrel with
12 the physical aspects of the RFC finding.  Plaintiff herself
13 indicated at page 20 of the Administrative Transcript she can
14 lift 20 pounds.  The record is fairly modest when it comes to
15 the extent of her pain and the limitations imposed by it.
16         During many visits to her health care providers for
17 other conditions she doesn't even mention back pain, or if
18 she does, it's dull, moderate, two on a scale of ten, four on
19 a scale of ten, zero on a scale of ten.  And Dr. Paolano, who
20 performed a consultative examination on June 15, 2011, found
21 normal range of motion and only localized discomfort.
22         The real issue here, of course, is the mental
23 aspect.  The record contains some indication of some serious
24 effect of her mental conditions.  At one point there is a GAF
25 finding of 45, that is at page 304 of the record, which would

suggest serious symptoms and serious impairment in social, occupational or school functioning. However, there are other also GAF findings of 50 at page 315 of the record, 55, and 70. Seventy, of course, is a score that indicates only some mild symptoms or some difficulty in social, occupational or school functioning.

The consultative examination of Dr. Dambrocia on June 16, 2014, found only modest limitations. That's examination of the records, as I understand it. Found only modest limitations in four of the twenty categories, and those limitations in my view are adequately reflected in the RFC finding.

The consultative examination of Dr. Gina Scarano-Osika on June 11 shows a claimant who is fully oriented, average intellectual functioning, GAF of 70, and does not substantiate the extent of the effect of her mental condition on claimant's claimed ability to work.

I reviewed carefully the plaintiff's hearing testimony and it doesn't really bear out the claim that she suffers with frequent anxiety attacks. And I agree with the Commissioner that in any event the Caleo records of plaintiff's treatment don't support that. And so to that extent I think the ALJ's credibility finding is supported by substantial evidence.

I find that the hypothetical example given to the

1  vocational expert fairly reflects the RFC finding, which I
2  have also concluded is supported by substantial evidence.
3  And so the vocational expert's testimony supports the finding
4  that the plaintiff was not disabled at the relevant times
5  because she is able to perform two jobs that are available in
6  the national economy.
7          So, I conclude that the finding of the ALJ is
8  supported by substantial evidence and was not the product of
9  improper legal principles.  And so I will grant defendant's
10 motion for judgment on the pleadings and dismiss plaintiff's
11 complaint.
12         I'll issue a short form order and attach a copy of
13 this decision.  And again I appreciate excellent
14 presentations on the part of both parties.  Thank you so
15 much.
16                  *            *            *

C E R T I F I C A T I O N

     I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                                         */s/ Eileen McDonough*

                                         EILEEN MCDONOUGH, RPR, CRR
                                         Federal Official Court Reporter